| | | |
|---|---|---|
| VANGIE PORTELA VÉLEZ<br><br>Recurrida<br><br>v.<br><br>MANAGEMENT TEMPORARY & CONTRACT EMPLOYMENT SERVICES, INC., H/N/C MSSS Y OTROS<br><br>Peticionaria | TA2025CE00930 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>SJ2023CV00791<br><br>Sobre:<br>Reclamación de Despido Injustificado; Discrimen; Represalias; Acoso Laboral |

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de enero de 2026.

Comparecen Management Temporary & Contract Employment Services, Inc. (MSSS) y MSSS Sales and Marketing Inc. vía *certiorari* y solicitan que revoquemos la *Resolución* del Tribunal de Primera Instancia, Sala Superior de San Juan, emitida el 10 de diciembre de 2025. En dicho dictamen, se ordenó la exclusión de un individuo como testigo de la parte peticionaria. Por los fundamentos que expondremos, denegamos expedir el auto de *certiorari*.

En síntesis, y en lo pertinente a nuestra determinación, el 29 de enero de 2023 la señora Vangie Portela Vélez presentó una querella contra MSSS y MSSS Sales & Marketing por discrimen a razón de impedimento y represalias, entre otros. Luego de varios trámites

procesales, el 18 de enero de 2024 los peticionarios entregaron sus contestaciones a los interrogatorios de la parte recurrida, sin hacer alguna mención del señor Armando Aranda Rodríguez.

Terminado el descubrimiento de prueba el 30 de agosto de 2024, el 21 de febrero de 2025 los peticionarios solicitaron sentencia sumaria y, entre otros asuntos, nombraron al señor Armando Aranda Rodríguez como el *Chief Financial Officer* durante los hechos en controversia y anejaron su declaración jurada con relación al despido de la recurrida. Sin embargo, en oposición, la señora Portela Vélez alegó que el señor Aranda Rodríguez nunca fue anunciado como testigo durante el descubrimiento de prueba, por lo cual el Tribunal recurrido deberá suprimir como evidencia la declaración jurada antes mencionada. Atendidos los argumentos de ambas partes, el Tribunal de Primera Instancia resolvió sin lugar a la solicitud de sentencia sumaria, sin entrar al tema de la presentación del señor Aranda Rodríguez como testigo.

A esos efectos, el 8 de septiembre de 2025 las partes presentaron su *Informe de Conferencia con Antelación a Juicio* y en el cual los peticionarios anunciaron al señor Aranda Rodríguez como testigo, toda vez que éste participó en el análisis que llevaría al despido de la recurrida. No obstante, y en el mismo escrito, la señora Portela Vélez objetó la inclusión del señor Aranda como testigo y alegó que la identidad de éste fue oculta durante dos (2) años de litigio y cuyo nombre fue revelado únicamente cuando los peticionarios presentaron su moción de sentencia sumaria tras finalizado el descubrimiento de prueba. Igualmente, mediante una moción *in limine*, la recurrida solicitó la exclusión del señor Aranda Rodríguez como testigo, ya que

éste nunca fue identificado como testigo en las contestaciones a los interrogatorios de la señora Portela Vélez. Evaluados los argumentos de ambas partes, el Tribunal recurrido resolvió que procede la exclusión del señor Aranda Rodríguez como testigo de los peticionarios.

Insatisfecha, la parte peticionaria recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró al imponer la sanción extrema de excluir el testimonio del señor Aranda Rodríguez, a pesar de que su participación fue oportunamente revelada durante el descubrimiento de prueba y antes de la celebración del juicio, sin que mediara perjuicio material alguno para el querellante. Presentada una solicitud de auxilio de jurisdicción de la parte peticionaria y la respectiva oposición de la parte recurrida, resolvemos.

El auto de *certiorari* es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos, tanto en el ámbito provisto por la Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V), como de conformidad con los criterios dispuestos por la Regla 40 de este Tribunal de Apelaciones, *supra*. Véase, también, *IG Builders v. BBVAPR*, 185 DPR 307 (2012). En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Citibank v. ACBI*, 200 DPR 724 (2018).

Por otro lado, cabe destacar que toda reclamación laboral contra un patrono se tramitará mediante el procedimiento sumario de la Ley Núm. 2, siempre y cuando se inste una querella por cualquier derecho, beneficio o suma por concepto de compensación por trabajo o labor realizados o cuando se haya despedido al obrero sin justa causa. Sec. 1 de la Ley Núm. 2 de 17 de octubre de 1961 (32 LPRA sec. 3125). Por la revisión de resoluciones interlocutorias ser contraria al carácter sumario del procedimiento laboral, se requiere que la parte que pretenda impugnar tales determinaciones en un procedimiento bajo la Ley Núm. 2 espere a que se dicte sentencia final en el caso para entonces presentar un recurso a base del error alegado. *Díaz Santiago v. PUCPR et al.*, 207 DPR 339 (2021) (citando a *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483 (1999)). Como excepciones, son revisables por el foro apelativo aquellas determinaciones interlocutorias dictadas en un procedimiento laboral sumario cuando: (1) el foro primario haya actuado sin jurisdicción; (2) la revisión inmediata disponga del caso por completo; o (3) cuando la revisión tenga el efecto de evitar una grave injusticia. Íd. (citando a *Dávila, Rivera v. Antilles Shipping, Inc.*, *supra*).

En el presente caso, carecemos de la facultad jurisdiccional para atender la controversia de marras. Es decir, no advertimos que la exclusión del señor Aranda Rodríguez como testigo conlleve alguna de las excepciones permitidas para recurrir de una resolución interlocutoria dentro de un procedimiento laboral sumario. Por tanto, denegamos expedir el auto solicitado, no sin antes fijar la atención de que cualquiera de las partes afectadas podrá volver a recurrir ante este

foro una vez el Tribunal de Primera Instancia dicte sentencia final sobre el caso.

Por los fundamentos expresados, denegamos expedir el auto de *certiorari*. A consecuencia de esto, resolvemos sin lugar a la *Urgente Moción en Auxilio de Jurisdicción* de la parte peticionaria.

**Notifíquese de inmediato a todas las partes**.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones